MOORE, Judge.
 

 In case no. 2080847, R.P.J. (“the mother”) appeals from judgments of the Henry Juvenile Court (“the juvenile court”) terminating her parental rights to K.J., Je.P., and B.P. (hereinafter sometimes collectively referred to as “the children”). In case no. 2080848, J.P. (“the father”) appeals from a judgment of the juvenile court terminating his parental rights to Je.P. and B.P. Because we conclude that these consolidated appeals are from void judgments, we dismiss the appeals.
 

 The facts pertinent to our disposition of the appeals are as follows. On July 29, 2008, K.P. (“the grandmother”), the legal custodian of Je.P. and B.P., petitioned the juvenile court to terminate the parental rights of the mother and the father to those children. On September 2, 2008, the Henry County Department of Human Resources (“DHR”) filed a petition to terminate the mother’s parental rights to K.J.
 
 [1]
 
 On April 24, 2009, the juvenile court entered a judgment terminating the parental rights of the mother and the father to Je.P. and B.P. On April 29, 2009, the juvenile court entered a judgment terminating the mother’s parental rights to K.J. On May 7, 2009, the mother and the father filed separate notices of appeal indicating that they intended to appeal to this court; however, the clerk of the juvenile court never delivered those notices of appeal to this court.
 

 On May 13, 2009, the juvenile court entered a notation on the case-action-summary sheets indicating that, “due to poor quality of tape from last hearing,” it would hold a new trial with a court reporter on May 27, 2009. At the beginning of the trial on May 27, 2009, the juvenile court stated that the record from the previous hearing “was very poor” and that the juvenile court had ordered the case to be reheard “[i]n order to benefit the parties” and “to perfect the record in the case.” After the trial or “rehearing,” the juvenile
 
 *131
 
 court entered an order on May 28, 2009, purporting to terminate the parental rights of the mother and the father to Je.P. and B.P., in which it made virtually the same findings of fact that it had made in its April 24, 2009, judgment. On June 9, 2009, the juvenile court entered an order purporting to terminate the mother’s parental rights to K.J., in which it made virtually the same findings of fact that it had made in its April 29, 2009, judgment. The mother and the father again filed notices of appeal to this court, which the clerk of the juvenile court delivered.
 

 Although none of the parties to this appeal have raised the issue of jurisdiction to this court, we may raise the issue of subject-matter jurisdiction
 
 ex mero motu. M.M. v. L.L.,
 
 989 So.2d 528, 528 (Ala.Civ.App.2007).
 

 In the present case, the juvenile court issued final judgments regarding the termination of parental rights as to Je.P. and B.P. on April 24, 2009, and as to K.J. on April 29, 2009. The parents filed notices of appeal from those respective judgments to this court on May 7, 2009. Rule 28(A)(1), Ala. R. Juv. P., states that an appeal from a final judgment of the juvenile court shall be made to the Court of Civil Appeals if the following requirements are satisfied:
 

 “(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
 

 “(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions.”
 

 According to Rule 28(B), Ala. R. Juv. P., “[ajppeals from final orders, judgments, or decrees in all other cases, including those cases in which there is not an adequate record as provided in subsection (A) of this rule, shall be to the circuit court for trial de novo....”
 

 Once a notice of appeal from a judgment terminating parental rights is filed with the clerk of the juvenile court indicating that the appeal will be to this court, the juvenile court has a duty to review the adequacy of the record pursuant to Rule 28. If the juvenile court determines that the record is inadequate, the juvenile court must notify this court of that determination. This court will then transfer the appeal to the circuit court for a trial de novo'as required by Rule 28(B). However, a juvenile court has no jurisdiction to take any other action in regard to an appeal with an inadequate record. The juvenile court does not have jurisdiction to conduct a second trial to make the record adequate.
 

 With regard to the parents’ notices of appeal that were filed on May 7, 2009, the juvenile court exercised its limited jurisdiction following the filing of the notices of appeal by reviewing the record and finding it inadequate for appellate review. Apparently, the juvenile court intercepted the notices of appeal before they were sent to this court so that the juvenile court could undertake to “correct” the record and make it adequate for our review by conducting a new trial before a court reporter. The juvenile court had no authority to order or to conduct a new trial. Thus, its judgments arising from that proceeding are void for lack of jurisdiction.
 
 See J.B. v. A.B.,
 
 888 So.2d 528, 532 (Ala.Civ.App.2004) (“An order entered by a trial court without jurisdiction is a nullity.”). “A void judgment will not support an appeal.”
 
 J.B. v. A.B.,
 
 888 So.2d at 532.
 

 The father’s appeal, filed on June 9, 2009, and the mother’s appeal, filed on June 11, 2009, are hereby dismissed. We hereby reinstate the notices of appeal filed on May 7, 2009, treating them as properly
 
 *132
 
 filed, and transfer those appeals to the Henry Circuit Court for a trial de novo.
 

 APPEALS DISMISSED; NOTICES OF APPEAL FILED ON MAY 7, 2Q09, REINSTATED AND TRANSFERRED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . The father was not the biological or legal father of K.J., so he had no parental rights to that child that could be terminated.